IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
OF MARYLAND

2011 JUL 11  P 4: 01

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

GIVENS I, TERRANCE ALEXANDER
2810 Primrose Lane North       :
York, PA 17404                 :
                               :
        Plaintiff     pro se   :
                               :
V.                             :     CIVIL ACTION NO.
                               :     (Jury Trial Demand)
Booz Allen Hamilton Inc.    et al :
Francis Heidari, Joyce Fields, Gwen Skanse :
Michael Stafford, et al
C/o Jeffrey Shrader            :
Associate General Counsel      :
8283 Greensboro Drive          :
McLean, VA 22102               :
                               :
                               :
        Defendant              :

**L11CV1906**

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, comes Plaintiff Pro se and files this Complaint and Jury Demand.

Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to Plaintiff, who was adversely affected by such

practices. This suit is also brought to effectuate appropriate injunctive relief to others who may

have been adversely affected by Defendant's discriminatory practices, and to prevent further

occurrence of such practices.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA" or "statute"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1)(a)(g)(1)(2)(b)(i) and (e)(3)(a)(b) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3.

TERRANCE ALEXANDER GIVENS I (Plaintiff), pro se an American Indian & African American male resident of York, PA, who is a US Citizen, a honorably discharged military veteran and an upstanding member of the community, who is also a husband, father, uncle and grandfather, who suffers from pain disabilities as well as a passive aggressive personality disorder. The Plaintiff has spent more than 40 years in the US workforce and has helped to create millions upon millions of dollars in work through his efforts for several former employers. Plaintiff files this case under Americans with Disabilities Act as well as Title VII of the US code and other statutes of the United States as applicable. Plaintiff requests a jury trial with respect to this pleading.

4.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

5.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

6.

At least since about August of 2009, Defendant has engaged in conduct in Annapolis Junction, Maryland which violates the ADA, Title VII of the Civil Rights Act of 1964, as amended as well as the US Constitution first amendment rights.

7.

More than thirty (30) days prior to the institution of this lawsuit, the Plaintiff filed a charge of discrimination with The United States Equal Employment Opportunity Commission alleging violations by Defendant.  All conditions precedent to the institution of this lawsuit has been fulfilled.

8.

Plaintiff began working for the Defendant in July of 2009 as an Associate level III, more specifically, a Senior Pricing Analyst, during and after a background investigation was being conducted on him by a company hired or retained by Defendant to achieve such a report.

9.

The Plaintiff did not receive a six month assessment, but in his annual assessment in about August of 2009 he felt that he was being treated unfairly. He complained about the document, the method in which the information had been gathered (selected persons to be interviewed per the Plaintiff's request had been changed unknowingly to him) and the conflicting verbiage used and future instruction which it suggested he follow was impossible to achieve given the complicated work he did and his personality disorder. Plaintiff refused to sign the document and Gwen Skanse (Sr. Associate level IV (Sr. Manager) refused to change it or have it changed.

10.

The Plaintiff began being harassed by his new manager Joyce Fields (JF) within weeks after his annual assessment review meeting had taken place. Plaintiff in fact stated to JF she had been and was continuing to harass him while in a meeting in her office where other team members were present in late October 2009. But, JF said in a belligerent manner in response that the Plaintiff was interrupting her, he was going to stop interrupting her, and then she came from behind her desk and projected her hand toward the Plaintiff's face. She continued to harass even after being told that is what she was doing by taunting/threatening Plaintiff in that manner. When he continued to complain of being threaten she told him to back up, when the Plaintiff was sitting down. Upon his response that he was sitting and had been since coming into the room, while standing over him she taunted, "then stand up and back up." The situation remained tense for several more minutes. The Plaintiff stood and said that he thought that he and JF should go to HR. JF refused and stated that the Plaintiff should go to HR if he felt a need to do so, because she had already gone to them about him.

11.

Plaintiff left the room and reported the incident and the harassing behavior of JF to Francis Heidari (HR representative), who setup a meeting for 1:30 PM that day. In that meeting between the Plaintiff and Francis Heidari, Plaintiff explained when asked that he was being harassed by JF who was at times assisted by other members of the team. Plaintiff was never told of any outcome of such an investigation if there was one. Nor was Plaintiff protected from further harassment or put in a protected environment from the harassment. The harassment continued usually on a daily basis. After a few weeks had past, the Plaintiff was given a letter of reprimand.

12.

The harassment continued usually on a daily basis. Plaintiff tried his best to stay away from JF. Plaintiff came into work early, (though he lived approximately 75 miles away one way) shut his office door every chance he got until office officemate Wanda Jones would come in and open it. Once the door was opened within minutes JF was sure to come in and start in on him. This was the case on the last iteration of JF's most severe harassment in January 2010, wherein she taunted Plaintiff to do something about her harassment. Yet upon reporting the harassment the second time to Gwen Skanse (GS), who said that she could empathize with what was happening to Plaintiff and that she would come and mediate a resolution or move the Plaintiff under another manager, which the Plaintiff welcomed, within two days GS arrived and with Francis Heidari terminated Plaintiff's employment. The Defendant stated in the termination letter that the Plaintiff was being terminated due to unprofessional conduct and unethical behavior, whereas in the meeting where the termination letter was presented to the Plaintiff, when asked what exactly the Plaintiff had done which precipitated the Defendant's action it was

stated by GS that the Plaintiff had been loud.  The Defendant knew or should have known they were discriminating against the Plaintiff by violation of the Americans with Disabilities Act and other statues.

13.

By surprise, the Defendant removed Plaintiff from his office on January 13, 2010 not allowing him to return to work and completely fired him from his position on January 27, 2010 ("discharge" or "termination").

14.

On at least two iterations when harassment was reported by Plaintiff, the Defendant decided to retaliate against the Plaintiff and not afford him protection according to the law.  This is representative of two cases, *Burlington Industries, Inc. v. Ellerth, and Faragher v. City of Boca Raton.*

15

The Defendant had time to reconsider the action in which they were undertaking.  The Defendant regarded the Plaintiff as loud though he was, at all times relevant, able to perform the essential functions of his position with Defendant, with or without accommodation.

16.

Plaintiff was at all times relevant a qualified individual with at least one mental disability being a passive aggressive personality disorder, which was complicated by a high degree of anxiety and stress and other physical disabilities within the meaning of the ADA.  In fact, at the time Plaintiff was terminated he was on disability leave from injuries suffered in a fall, all of which Defendant had been made aware.

17.

      Defendant terminated Plaintiff's employment intentionally because of his disability,

within the meaning of the ADA, in violation of the statute.

18.

      The practices complained of herein deprived Plaintiff of equal employment opportunities

by denying him a job essentially because of his disabilities.

19.

      The unlawful employment practices complained of herein were committed with malice or

with reckless indifference to Plaintiff's federally protected rights.

20.

      The Maryland Department of Labor and Licensing Division of Unemployment Insurance

advised in their "NOTICE OF BENEFIT DETERMINATION"

      *"The Plaintiff states he was discharged from employment with Booz Allen & Hamilton*

*Inc (defendant) on 1-13-2010 due to unethical and unprofessional behavior.*

      *Insufficient information has been presented to show that the Plaintiff's actions*

*constituted misconduct in connection with the work. As a result, it is determined that the*

*circumstances surrounding the separation DO NOT WARRANT DISQUALIFICATION under*

*section 8-1002 OR 8-1003 Maryland Unemployment Insurance law."(Please see file copy a part*

*of summary)"*

21.

      The unlawful employment practices complained of herein caused Plaintiff to continue to

suffer economic injuries, including but not limited to lost wages, as well as non-pecuniary

injuries.  In accordance with Americans with Disabilities Act of 1990 ("ADA" or "statute"), 42

U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1)(a)(g)(1)(2)(b)(i) and (e)(3)(a)(b) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

22.

     The Defendant was given opportunities to rectify this situation prior to litigation on many occasions. Yet Defendant's final response was that this case has no merit. Plaintiff has no choice but to finally move forward with litigation.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays:

That he be awarded general and punitive damages as follows:

| Items Loss | | Liability | | Assessment Agree Upon | Outstanding |
|---|---|---|---|---|---|
| Salary -to-date | | $ | 146,700.00 | | $ 4,218,912,811.20 |
| 401K | | $ | 29,340.00 | | |
| Educational Ben | | $ | 7,500.00 | | |
| Health Ins. Ben | | $ | 6,588.00 | | |
| Pension Ben | | $ | 7,335.00 | | |
| Health care expense | | $ | 7,000.00 | | |
| Valuables loss | | $ | 425,000.00 | | |
| | | | | | |
| Sub-Total | | $ | 629,463.00 | | |
| | | | | | |
| Damages per diem | 0.24 | $ | 82,711,438.20 | General damages | |
| Multiplier | 50 | $ | 4,135,571,910.00 | Punitive damages | |
| | | | | | |
| Total | | $ | 4,218,912,811.20 | 0 | $ 4,218,912,811.20 |

**In the Alternative**:

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns,
and all persons in active concert or participation with it, from refusing to
accommodate and from illegally terminating individuals who have disabilities within
the meaning of the ADA, and any other employment practice which discriminates on
the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to discipline the employee who unlawfully terminated Plaintiff employment, to remediate the instant violation of the statute, and to render less likely such violations in the future.

E. Order Defendant to make Plaintiff whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Plaintiff whole by providing compensation for past non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation, in amounts to be determined at trial.

G. Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct, as described herein above, in amounts to be determined at trial.

H. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I. Award the Plaintiff its costs of this action and any attorney fees.

## JURY TRIAL DEMAND

In accordance with 42 U.S.C. § 1981c. and Rules 38 and 39 of the Federal Rules of

Civil Procedure, the Plaintiff hereby requests a jury on all issues raised in the instant

Complaint which may be tried by jury.

TERRANCE ALEXANDER GIVENS I
2810 Primrose Lane North
York, PA 17404
717-885-4281
Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL 11 P 4: 01

CLERK'S OFFICE
AT BALTIMORE

BY————————DEPUTY