UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRANCE GIVENS | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | CIVIL NO. L-11-1906 |
| | * | |
| BOOZ ALLEN HAMILTON, INC. et al. | * | |
|     Defendants | * | |
| | ******* | |

# MEMORANDUM

This is an employment discrimination case. Plaintiff Terrance Givens, proceeding pro se, brings suit against his former employer, Defendant Booz Allen Hamilton, Inc. ("Booz Allen"), alleging violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act ("Title VII"). Now pending is Booz Allen's Motion to Dismiss. Docket No. 6. Upon review of the papers, the Court finds oral hearing unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Motion.

## I.    BACKGROUND

The following are the facts as alleged in the Complaint. Givens is a 52-year-old African American male who suffers from a disability he identifies as "passive aggressive personality disorder."[1] Compl. 2, 6, Docket No. 1. In July of 2008, Givens began working at Booz Allen as

---

1    Passive aggressive personality disorder was listed as an Axis II personality disorder in the DSM-III-R, but was moved in the DSM-IV to Appendix B ("Criteria Sets and Axes Provided for Further Study"). The DSM-IV Appendix B definition is as follows:
> A pervasive pattern of negativistic attitudes and passive resistance to demands
> for adequate performance, beginning by early adulthood and present in a variety
> of contexts, as indicated by four (or more) of the following:
> 1.   Passively resists fulfilling routine social and occupational tasks,

a Senior Pricing Analyst.[2]  He alleges that when he received his first annual assessment, in August of 2008, it contained "instructions" that were "impossible to achieve given the complicated work he did and his personality disorder."  Id. at 4.  Givens objected to the assessment, and refused to sign it.

Givens alleges that within weeks of this review, he began to experience pervasive harassment from his manager, Joyce Fields.  Givens recounts in some detail an altercation that took place in Fields's office, and claims that Fields continued to harass him "usually on a daily basis."  Id. at 5.

Givens reported Fields's behavior to the human resources department, a representative of which promised to either mediate a resolution or find Givens a new manager with whom he could work without conflict.  Givens states that the proposed conciliation never took place, and that he was terminated within two days of his complaint.  A letter from Booz Allen reflects that Givens's employment was terminated effective January 27, 2010 "due to unprofessional conduct and not upholding the Firm's standards of ethics and compliance."  Correspondence from Michael D. Stafford, Principal, to Plaintiff (Jan. 13, 2010), Docket No. 5-9.

On April 19, 2010, Givens filed an Equal Employment Opportunity Commission

---

2. Complains of being misunderstood and unappreciated by others,
3. Is sullen and argumentative,
4. Unreasonably criticizes and scorns authority,
5. Expresses envy and resentment toward those apparently more fortunate,
6. Voices exaggerated and persistent complaints of personal misfortune,
7. Alternates between hostile defiance and contrition.

Diagnostic and Statistical Manual of Mental Disorders, 4th ed. (American Psychiatric Association).
    At this stage of the proceedings, it is not clear whether passive aggressive personality disorder qualifies as a disability within the meaning of the ADA, which defines the term as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  For reasons that follow, the Court need not decide the question.

2    Givens's Complaint recites that "Plaintiff began working for the Defendant in July of 2009."  Compl. 3, Docket No. 1.  His EEOC charge, however, states that he began his employment "on or about July 21, 2008."  Def.'s MTD Ex. 2, Docket No. 6-5.  Booz Allen also confirms Givens's start date as July of 2008.  Def.'s MTD 2, Docket No. 6.  Thus, the Court assumes that Givens's first recitation is in error and that he in fact began his employment with Booz Allen in July of 2008, not July of 2009.

("EEOC") charge of discrimination with the Howard County Office of Human Rights. Def.'s MTD Ex. 2, Docket No. 6-5. Givens's charge alleges that he was discriminated and retaliated against on the basis of his race, sex, and age. The charge makes no mention of any disability.

The EEOC dismissed Givens's case and issued a right-to-sue letter on May 25, 2011. Def.'s MTD Ex. 3, Docket No. 6-6. On July 11, 2011, Givens filed the instant suit. He alleges violations of the ADA and Title VII, and requests damages in the amount of $4,218,912,811.20. Booz Allen now moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## II.  LEGAL STANDARDS

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). The Plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the Court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991); see also Evans, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, 945 F.2d at 768.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and

then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Pleadings filed by a pro se plaintiff are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). This means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so; a court may not, however, rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction also does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.   ANALYSIS

Givens's ADA claim must be dismissed because this claim was never brought before the EEOC. The law in this area is well established:

> Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit that may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981).

Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 1981). Identical exhaustion standards apply to claims brought under the ADA. See, e.g., Snead v. Board of Educ. of Prince George's Cnty., --- F.Supp.2d ----, 2011 WL 3885811 (D. Md. 2011).

Givens's EEOC charge alleges discrimination only on the basis of race, sex, and age. At no time did Givens advance a claim of discrimination based on a personality disorder, and such a claim would not be within the scope of any investigation that would naturally follow from the

claims that Givens did advance. As such, he has failed to exhaust his administrative remedies, and his ADA claim must be dismissed for lack of subject matter jurisdiction.

Though the Complaint mentions Title VII in several areas, it is not at all clear whether Givens is attempting to assert separate discrimination claims under Title VII, or simply referencing the statute as it relates to his ADA claim. See, e.g., Compl. 2, 3, 8 (". . . Americans with Disabilities Act of 1990 . . . 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(t)(1) and (3) of Title VII of the Civil Rights Act of 1964 . . . .") (emphasis supplied). Assuming arguendo that Givens intended to advance discrete claims of discrimination under Title VII, any such claims must also be dismissed. Nowhere in the Complaint does Givens present factual allegations of discrimination based on anything other than his asserted personality disorder. In contrast to Givens's EEOC charge, the Complaint makes no mention whatsoever of considerations of race, age, or sex. Nor does it explain how Booz Allen could be said to have discriminated on the basis of any of these factors.

### IV.   **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Booz Allen's Motion and DISMISS the case.

Dated this 14th day of March, 2012.

                                                               /s/
                                       Benson Everett Legg
                                       United States District Judge