IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

GIVENS I, TERRANCE ALEXANDER

    Plaintiff    pro se

V.                                     CIVIL ACTION NO. L-11-1906
                                             (Jury Trial Demand)

Booz Allen Hamilton Inc.    et al

    Defendant

*Memorandum in Reply and objection to the Defendant's Demand for Attorney fees*

1    **NOW INTO COURT**, comes Plaintiff Pro se and files this *Memorandum in Reply to the*

2    *Defendant's Demand for Attorney fees.* Plaintiff respectfully avers as follows:

3    The Defendants alleged that they are due attorney fees as they have prevailed over

4    Plaintiff with regard to all claims. However, this is simply not the facts. This is a mixed motives

5    case. As such, the only aspect of this case that has been ruled upon is with respect to the ADA

6    part of the case. Even this part of the case never had discovery opened and scheduled.

7    Additionally, there is new evidence in support of the ADA aspect of the claim regarding chronic

8    illness and information that the EEOC received at that time advising them of the illness and

9    chronic condition and disability of the Plaintiff as well as witnesses who could testify to receipt

10    of that knowledge within EEOC, which the Plaintiff never had the opportunity to fully bring to

11    the court's attention. Therefore, the court's decision was not made on all of the facts, which

12    could have been brought had discovery or appointment of an attorney been allowed. Plaintiff

13    intends to request the Supreme Court review this aspect of the claim as well.

14    Further, the parts of this mixed motive case that have not been ruled upon are:

15    Retaliation, Harassment and Sex Discrimination (Gender). Therefore, Defendant could not be

16    further from the truth when they say; they've prevailed regarding all claims against the Plaintiff.

17    The Plaintiff's claims amount to nothing more than continued retaliation for bringing
18 claim against them for violating the Plaintiff's civil rights.

19    In item "I" the Defendant renews its claim that the Plaintiff was unprofessional around
20 his colleagues and supervisor to the point it was so egregious it caused significant and increasing
21 disruptions in the workplace. If that were the case, why did they present no evidence to support
22 that claim to DLLR or the EEOC? *Yet if this was the case why did* Plaintiff *report to HR, the*
23 *apparent physical threat and harassment that one of the Defendants Joyce Fields (JF)*
24 *perpetrated upon him which had taken place a team meeting? Why did the manager JF refuse to*
25 *go to HR at the same time when requested to do so by the Plaintiff? Additionally, the senior*
26 *manager was notified as well via email and gave no immediate response to Plaintiff. Yet if*
27 *Plaintiff's previous and ongoing interactions were so disruptive, why did Plaintiff and the team*
28 *receive a letter of praise the same month for all the hard work and personal sacrifices made in*
29 *the Defendant's best interest (See EXHIBIT L-11-1906 -G)? What major deliverables were*
30 *disrupted to the point that the Defendant was compelled to take the action undertaken? The*
31 *Defendant has proved nothing, but opened many unanswered questions regarding their actions.*

32    The Maryland Department of Labor and Licensing Division of Unemployment Insurance
33 advised in their "NOTICE OF BENEFIT DETERMINATION" *(See EXHIBIT L-11-1906 - J)*

34    *"The Plaintiff states he was discharged from employment with Booz Allen & Hamilton*
35 *Inc (defendant) on 1-13-2010 due to unethical and unprofessional behavior.*

36    *Insufficient information has been presented to show that the Plaintiff's actions*
37 *constituted misconduct in connection with the work. As a result, it is determined that the*
38 *circumstances surrounding the separation DO NOT WARRANT DISQUALIFICATION under*
39 *section 8-1002 OR 8-1003 Maryland Unemployment Insurance law."*

40      The Defendant has been allowed to move forward using false accusations, which on their
41 face impede the judicial process and allow for false impressions of the true facts as discover was
42 never scheduled to bring out all the fact and compel the Defendant to prove their accusations
43 used in their defense. On page 2 of the Defendant's memorandum paragraph 1, the Defendant
44 could not possibly advise Plaintiff of remedial steps to take, when he is the person suffering from
45 chronic disorder and being harassed. That was and is nothing but a cover-up to disguise
46 retaliation and continued harassment to ultimately terminate the Plaintiff without having to
47 answer for their wrong doing.
48      On page 2 of the Defendant's memorandum paragraph 2, the Defendant speaks about the
49 EEOC charge, but without discovery being opened the evidence regarding the Plaintiff
50 disabilities which was submitted to the EEOC investigator to use to help develop the charge by
51 the EEOC has not been presented to the court. Further without discovery being opened the court
52 could not have been fully knowledgeable of the strain the Baltimore EEOC field office has been
53 under and the fact that they held the case for more than a year before finally shifting it to the
54 Cleveland EEOC field office, where that process caused documents to not be received and used
55 in the investigation of the claim and assembly of the charge. However, documents advising the
56 EEOC of the Plaintiff's condition were submitted to them.
57      On page 2 of the Defendant's memorandum paragraph 3, the Defendant advised the
58 Plaintiff filed a one-count complaint regarding the ADA aspect of the claim. Wherein, the
59 Plaintiff has maintained that the claim is a mixed motive claim. The Plaintiff was on disability at
60 the time of termination. The Plaintiff was never offered FMLA at all. The plaintiff was never
61 offered a settlement of any kind by the Defendant. The Defendant destroyed the Plaintiff's
62 professional life. The Defendant is a multi-billion dollar company that does not apologize for its

63 actions. The Plaintiff had every right to ask for punitive damages in relation to the Defendant's
64 wealth. Further, the Defendant contradicts themselves in their own filing as they stated herein
65 that Plaintiff filed a one-count claim, yet in their first paragraph on page one, they advise that
66 they have prevailed on all claims.

67 On page 2 of the Defendant's memorandum paragraph 4 and page 3 of the Defendant's
68 memorandum paragraph 1, the Defendant continues to advise the court about what the Plaintiff
69 has alleged based on one document, yet without discovery the Plaintiff has had to make his case
70 based on a number of memorandums and documents of evidence which contain his claims.
71 Through memorandum and documentary evidence, the Plaintiff has on the docket a number of
72 pieces of evidence, which state and even proves his claims. Further, it is evident that Plaintiff
73 was disabled at the time of and before termination due to a number of pain and chronic disorders.
74 The Defendant knew of some of the disorders the Plaintiff suffered. Witnesses could have been
75 called upon and deposed and testified to these facts. There were witnesses that were terminated
76 from the Defendant's employ. All of this could have come out through discover if it had been
77 allowed to run its course. The Plaintiff was harassed on the job as the documentary evidence is
78 undisputed facts of this. The Plaintiff did complain on about not having a six month assessment
79 and the methodology and verbiage within his annual assessment. Plaintiff was retaliated against
80 via warning letter for reporting intimidation, harassment and discriminated against by his female
81 superiors, which was support by their female subordinates, which were his colleagues. Finally,
82 after the last iteration of harassment and reporting same, Plaintiff was given a letter of
83 termination and escorted from the building where he worked. This happened only two days after
84 making that complaint of continuing harassment to his senior manager Gwen Skanse.

85        On page 3 of the Defendant's memorandum paragraph 2, the Defendant alleged that the
86 Plaintiff claims were time barred. However, the notice of right to sue was advised the Plaintiff
87 had 90 days in which to file a claim. The claim was filed in a timely fashion in relation to the 90
88 days allowed. Within the claim and memorandum that was filed claims were made in relation to
89 laws under ADA and Title VII. The law allows for liberal construction for documents filed in
90 relation to the claim to become a part of the original claim. Therefore, the Plaintiff's claim was
91 not time barred. Further, based on requirements to file a claim via the instructions to do so, the
92 persons that were responsible for the action were supposed to be named in the filing. In order to
93 complete the filling properly the individuals which caused the harm were required to be named.
94 There was no discovery scheduled in order to gather information, which shows that the EEOC
95 was given information regarding the disability which the Plaintiff suffers. The EEOC did not
96 include that information in the charge which they filed, yet that information was supplied to
97 them. The individuals at the EEOC could have been called to witness the documentation that
98 they received with the information in question. But discovery was not opened to allow for those
99 witnesses and the applicable evidence, which they have and which gave the court subject matter
100 jurisdiction over that aspect of the claim. Nonetheless the court has subject matter jurisdiction
101 over the other aspects of the mixed motive claim: Retaliation, Harassment and Sex
102 Discrimination (Gender). Additionally, the court has the ability to re-open this claim to allow for
103 discovery evidence of subject matter jurisdiction with regard to the ADA aspect of the claim.
104        Finally, the Plaintiff and his wife and disabled persons and have been under tremendous,
105 physical, mental and financial pressures to even attempt to begin to prosecute these claims. The
106 Plaintiff does not possess the financial resources to hire an attorney, who could have helped to
107 prosecute these claims. The Plaintiff motioned to court to help, but that motion was denied. The

108  Plaintiff rights under the law should not diminish because of the lack of ability or financial
109  ability to pursue claims filed in a timely fashion.
110      Finally, the Defendant makes an attempt to advise the court that the Plaintiff games the
111  legal system. The three past claims made by the Plaintiff over the last 12 years hardly
112  demonstrate the ability or intent to game the legal system. Each case was brought honestly to the
113  best of the ability of the Plaintiff. I'm not a trained attorney with 15 years of experience. The
114  case against Compaq was dismissed because I had signed my severance letter to receive my final
115  pay, which was being held. It was never my intent to sign a release of claim. I had no
116  knowledge that I would be signing away my rights at that time. That is why the case was
117  dismissed. Also, that is how I knew not to sign a severance letter after what Booz Allen did to
118  me. Regarding my case against CACI, asking to revise my pleading and doing so was done to
119  correct errors and add information, which I felt was important to the case. I was working and
120  trying to provide the best service to my employer at the time and the case and my job, a small
121  child, the 100 mile commute and the timing and expense of depositions became too much for me
122  to handle alone since I could not afford the thousands of dollars the attorneys wanted in order to
123  help me pursue the case. In this instance my career was completely destroyed based on what the
124  employer did to me. I did nothing wrong to deserve what happened to me and evidence shows
125  that the Defendant has made unfounded accusation, when the evidence presented is strong
126  against what they have done to me. Now they want to get paid for it.
127
128      I pray that the court does not allow this injustice to continue.
129
130

*[signature]*
TERRANCE ALEXANDER GIVENS I
knightigar@comcast.net
2810 Primrose Lane North
York, PA 17404
717-885-4281
131    Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2012, a copy of the foregoing:

**Memorandum in Reply and objection to the Defendant's Demand for Attorney fees**

Was mailed first class postage prepaid, to:

Booz Allen Hamilton Inc., et al
C/o Mark C. Stephenson Esquire
482 Norristown Road, Suite 114 Blue Bell, Pennsylvania 19422

Terrance Alexander Givens I
knightigar@comcast.net
2810 Primrose Lane N.
York, PA 17404
717-885-4281